IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RONALD KEITH WILLIAMS,

                        Petitioner,

v.                                                    OPINION and ORDER

LARRY FUCHS,                                  20-cv-1105-jdp

                        Respondent.

Ronald Keith Williams, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a June 2007 judgment of conviction, entered in Milwaukee County Case No. 2006CF1009, for one count of first-degree sexual assault of a child. Williams contends that he should be permitted to withdraw his guilty plea and proceed to trial because his counsel was ineffective in various ways. Williams's petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

Williams's petition is untimely. A state prisoner must file a federal habeas petition within one year of when the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A). Generally, a state court judgment becomes final on the date that direct review has concluded, or on the date that the deadline for seeking direct review has expired. *Id.* Based on Williams's petition and Wisconsin state court records available online, it appears that Williams pleaded guilty to one count of first-degree sexual assault of a child on June 6, 2007. In July 2007, Williams was sentenced to 21 years of imprisonment and seven years of extended supervision. Williams's deadline for filing a notice of appeal was extended to April 4, 2008, but he did not

file any postconviction motions or a direct appeal. Williams's federal habeas clock began running the next day, giving him until April 5, 2009 to file a federal habeas petition. Williams did not file anything to challenge his criminal conviction until approximately 11 years later, when he filed a pro se postconviction motion under Wis. Stat. § 974.06 in state court. But Williams's habeas clock had long since expired, so Williams's December 14, 2020 petition for federal relief is untimely.

Williams may be able to overcome the untimeliness by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Alternatively, Williams could argue for an equitable exception to one-year deadline based on a credible claim of actual innocence, regardless whether he has been diligent in pursuing his rights. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). But to qualify for this narrow exception, Williams would have to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Williams must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006); *see also McQuiggin*, 569 U.S. at 399; *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018).

Based on the materials that Williams has submitted so far, I am skeptical that he will qualify for an equitable exception to the federal habeas deadline. However, I will give Williams a short time to respond to this order and show that: (1) he qualifies for equitable tolling; or (2) I should excuse him from the one-year limitations period because he is actually innocent.

ORDER

IT IS ORDERED that petitioner Ronald Keith Williams may have until June 25, 2021 to respond to this order and explain why his habeas petition should not be dismissed as untimely. If Williams fails to respond by the deadline, the petition will be dismissed.

Entered June 4, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge