IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD KEITH WILLIAMS,

                Petitioner,

v.

LARRY FUCHS,

                Respondent.

OPINION and ORDER

20-cv-1105-jdp

---

    Ronald Keith Williams, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2007 judgment of conviction for one count of first-degree sexual assault of a child. Williams contends that he should be permitted to withdraw his guilty plea and proceed to trial because his counsel was ineffective in various ways. In a previous order, I found that Williams's petition was untimely under 28 U.S.C. § 2244(d). I gave Williams the opportunity to file a supplemental brief showing that his untimeliness should be excused because either (1) he qualifies for equitable tolling, or (2) he is actually innocent of the crime for which he was convicted. Williams has responded, Dkt. 11, but he has failed to make a persuasive argument that he qualifies for equitable tolling or that he is actually innocent. Accordingly, I will dismiss the petition as untimely.

ANALYSIS

    A state prisoner must file a federal habeas petition within one year of when the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A). Generally, a state court judgment becomes final on the date that direct review has concluded, or on the date that the deadline for seeking direct review has expired. *Id.* As I explained in the previous order, Williams's state

conviction in Milwaukee County Case No. 2006CF1009 became final on August 5, 2008. His federal habeas clock began running the next day, giving him until August 5, 2009 to file a federal habeas petition. Williams did not file anything to challenge his criminal conviction until approximately 11 years later, when he filed a pro se postconviction motion under Wis. Stat. § 974.06 in state court. But Williams's federal habeas clock had long since expired, so Williams's December 14, 2020 petition for federal relief was untimely.

A federal habeas petitioner may overcome the untimeliness by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Alternatively, a petitioner can argue for an equitable exception to the one-year deadline based on a credible claim of actual innocence, regardless whether he has been diligent in pursuing his rights. *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). But to qualify for this narrow exception, the petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). This means that the petitioner must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006); *see also McQuiggin*, 569 U.S. at 399; *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018).

Williams says that he did not file a federal habeas petition earlier because he did not have the assistance of counsel. He states that he asked the Wisconsin Innocence Project for help, but the student attorneys were unable to help him. But these are not sufficient reasons to justify equitable tolling. "[L]ack of representation is not on its own sufficient to warrant

2

equitable tolling, nor is a petitioner's lack of legal training." *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014); *see also Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) ("Lack of familiarity with the law . . . is not a circumstance that justifies equitable tolling."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."). Nor has Williams identified any extraordinary circumstances "beyond his control" that prevented him from timely filing his new petition.

Williams also has not presented a credible claim of actual innocence. Williams says that the state would not have been able to prove that he committed the elements of first-degree sexual assault of a child. He says that a 1999 report from the American Academy of Pediatrics Committee of Child Abuse and Neglect supports his innocence. But he does not explain how the report shows that he is innocent, and in any event, a report written several years before his conviction does not qualify as new evidence.

The only remaining question is whether to issue of a certificate of appealability to Williams. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases. When the court denies relief on procedural grounds, the petitioner can obtain a certificate of appealability only by showing that reasonable jurists could disagree about the court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this instance, no reasonable jurist could find that Williams's petition was timely, or that he qualifies for relief from the one-year deadline, so I will not issue a certificate of appealability.

ORDER

IT IS ORDERED that petitioner Ronald Keith Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED as untimely. Williams is DENIED a certificate of appealability.

Entered March 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge